UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH CAMERON PULLEN,<br><br>                    Plaintiff,<br><br>       v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No.  1:21-cv-00404-ADA-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFFS MOTON FOR SUMMARY JUDGMENT, GRANT COMMISSIONER OF SOCIAL SECURITY'S CROSS MOTION FOR SUMMARY JUDGMENT AND AFFIRM COMMISSIONER'S DECISION[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No.  25) |

Seth Cameron Pullen ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability insurance benefits under the Social Security Act.  (Doc. No. 1).  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.  (Doc. Nos. 25-27).  For the reasons set forth more fully below, the undersigned RECOMMENDS the district court deny Plaintiff's motion for summary judgment, grant the Commissioner's cross motion for summary judgment, and affirm the Commissioner's decision.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(15) (E.D. Cal. 2022).

## I. JURISDICTION

Plaintiff protectively filed for disability insurance benefits September 6, 2017, alleging an onset date of June 23, 2010. (AR 207-212). Benefits were denied initially (AR 94-98), and upon reconsideration (AR 99-103). Plaintiff appeared before Administrative Law Judge Cynthia Hale ("ALJ") on December 4, 2019. (AR 38-63). Plaintiff was represented by counsel and testified at the hearing. (*Id*.). On January 10, 2020, the ALJ issued an unfavorable decision (AR 17-33), and the Appeals Council denied review (AR 6). The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## II. BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was twenty-six years old at the time of the hearing. (AR 31). He completed the tenth grade. (AR 46). He lives with his mother, his fiancée, his 8-year-old stepdaughter, and 2-year-old son. (*Id*. at 42). Plaintiff reported doing no chores due to back pain. (*Id.* at 26). He reported an inability to take care of himself unless reminded by his mother. (*Id.* at 43). Plaintiff's typical day involved walking his stepdaughter to and from school and "keeping an eye" on his two-year old son. (*Id.*). He plays video games 30 minutes to an hour. (*Id.* at 44). Plaintiff has no work history due to his car accident that caused traumatic brain damage twelve years prior to the hearing. (*Id.* at 56). Plaintiff testified that before the car accident, he was fired from any temporary job because "people didn't like [him]." (*Id.* at 59). He testified to random aggressive outbursts in public, so he avoids going to the grocery store or other activities outside of the house. (*Id.* at 46-47). Plaintiff testified to taking Zoloft daily, medicinal use of marijuana once a day to ease his anxiety, and no alcohol usage. (*Id.* at 49-50).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or

2

1  is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial
2  evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a
3  conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence
4  equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and
5  citation omitted).  In determining whether the standard has been satisfied, a reviewing court must
6  consider the entire record as a whole rather than searching for supporting evidence in isolation.
7  *Id.*

8  In reviewing a denial of benefits, a district court may not substitute its judgment for that of
9  the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible
10 to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.
11 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is
12 harmless.  *Id.*  An error is harmless where it is "inconsequential to the [ALJ's] ultimate
13 nondisability determination." *Id.* (quotation and citation omitted).  The party appealing the ALJ's
14 decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556
15 U.S. 396, 409-10 (2009).

16                     **IV.     FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

17 A claimant must satisfy two conditions to be considered "disabled" within the meaning of
18 the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful
19 activity by reason of any medically determinable physical or mental impairment which can be
20 expected to result in death or which has lasted or can be expected to last for a continuous period
21 of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment
22 must be "of such severity that he is not only unable to do his previous work[,] but cannot,
23 considering his age, education, and work experience, engage in any other kind of substantial
24 gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

25 The Commissioner has established a five-step sequential analysis to determine whether a
26 claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the
27 Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the
28 claimant is engaged in "substantial gainful activity," the Commissioner must find that the

claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §

4

404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant can perform other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V. ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 6, 2017, the application date. (AR 22). At step two, the ALJ found that Plaintiff has the following severe impairments: remote motor vehicle accident with chronic back pain and traumatic brain injury, major depressive disorder, mild neurocognitive disorder, bipolar disorder, and personality disorder. (AR 23). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 23). The ALJ found that Plaintiff has the RFC

> to perform medium work as defined in 20 CFR 416.967 except the claimant can have no interaction with the general public and only occasional interaction with coworkers and supervisors. The claimant cannot perform tandem tasks and is limited to unskilled simple repetitive job tasks.

(AR 25). At step four, the ALJ found that Plaintiff has no past relevant work. (AR 31). At step five the ALJ found, considering Plaintiff's age, education, work experience, and RFC, that there are jobs that exist in significant numbers in the national economy that he can perform including kitchen helper, hand packager, and floor waxer. (AR 32). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from September 6, 2017, through the date of the decision. (AR 32).

////

////

# VI. ISSUES

Plaintiff raises one issue on appeal. The ALJ erred in failing to adopt or explain her rejection of portions of Dr. Portnoff's opinion. (Doc. No. 25 at 1, 3).

# VII. DISCUSSION

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 404.1520c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3).

The Ninth Circuit has held that the new regulations "displaces our longstanding case law requiring an ALJ to provide 'specific and legitimate' reasons reasons for rejecting an examining doctor's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id*. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Plaintiff argues despite finding Dr. Portnoff's opinion "persuasive," the ALJ erred in assessing the RFC because she did not include some of Plaintiff's mental functioning in the RFC or explain why credit was not given to this portion of Dr. Portnoff's opinion. The pertinent portion of Dr. Portnoff's opinion at issue noted: "[t]he claimant's ability to deal with stress encountered in a competitive work environment is moderate to markedly impaired due to MDD with daily panic attacks and due to NCD." (AR at 365). Plaintiff argues the ALJ erroneously rejected Dr. Portnoff's opinions pertaining to Plaintiff's "moderate to marked limitation dealing with stress and his moderate limitation completing a workday or workweek without interruptions" without providing sufficient explanations, thereby requiring a remand. (Doc. No. 25 at 5). In sum, Plaintiff faults the ALJ for not including those limitations in the RFC. (*Id.* at 6)**.**

In response, Defendant asserts the RFC *did* account for these limitations to the extent the RFC provided for "no interaction with the general public and only occasional interaction with coworkers and supervisors; cannot perform tandem job tasks; and is limited to unskilled simple

1 repetitive job tasks." (Doc. No. 26 at 11). Defendant argues the ALJ's limitations for Plaintiff's interaction with the public and co-workers and supervisors "also pertained to 'stress' and 'interruption' in completing a workday," so Plaintiff shows no error. (*Id.*).

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record. (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). Ultimately, a claimant's RFC is a matter for the ALJ to determine. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ ... to determine residual functional capacity.").

Here, the ALJ found the psychological opinion of Dr. Portnoff "persuasive" because ii was consistent with and supported by the record. (Doc. No. 13-2 at 34). As recounted by the ALJ, Dr. Portnoff's opinion was "persuasive" because:

> they are consistent and supported. Dr. Portnoff opined that the claimant can perform simple and repetitive tasks, has moderate limitations in his abilities to perform detailed and complex tasks, mild limitations in his ability to accept instructions from supervisors, mild to moderate limitations his ability to interact with coworkers and the public, mild limitations his ability to work on a consistent basis without special or additional instruction, moderate limitations in his ability to complete [a] normal workday or workweek without interruptions from his psychiatric conditions and moderate to marked impairment in dealing with stress encountered in a competitive work environment. (Exhibit 7F/8-9). Dr. Portnoff's opinions are consistent with the claimants mostly normal mental status examinations and his reported problems dealing with the people in public. (Exhibit 7F/3-4; 8F/3, 5; 11F/2, 5, 7 and Hearing Testimony). Dr. Portnoff's opinions are supported by his examination of the claimant and review of the evidence of record. (Exhibit 7F).

(AR 34).

"[A]n ALJ need not 'explicitly transcribe [each] limitation in the RFC,' provided he [or

8

she] 'account for it in [the] translation." *Spencer v. Kijakazi*, No. 1:21-cv-00065-AWI-BAM, 2022 WL 4482567, AT *5 (E.D. Cal. Sept. 27, 2022) (finding RFC appropriately encompassed limitations set forth by examiners) (citations omitted).  Here, the Court is persuaded by Defendant's argument that the RFC adequately included Plaintiff's mental health limitations in the RFC.  Courts may find an RFC determination adequately accounted for a claimant's stress-related limitations by limiting the claimant to occasional interaction with co-workers and the public, or in this case no contact with the public and limited contact with co-workers, and to the performance of simple, routine, tasks.  *See Spencer*, 2022 WL 4482567, *5 (citing *Henry v. Colvin*, No. 1:15-cv-00100-JLT, 2016 WL 164956, at *18 (E.D. Cal. Jan. 14, 2016)(simple tasks encompasses low stress tolerance); *Keller*, 2014 WL 130493, at *3 (simple, repetitive tasks "appropriately captured" physician's opinion that claimant required "low stress settings")); *see also Calisti v. Colvin*, 2015 WL 7428724, at * 7 (E.D. Cal. Nov. 23, 2015) (holding RFC including limitations for simple, repetitive work adequately captured moderate limitations in maintaining attendance, completing a normal workday without interruptions from psychiatric condition and dealing with stress);*Coats v. Colvin*, No. 1:14-cv-00712- JLT, 2015 WL 5813333, at *22 (E.D. Cal. Sept. 30, 2015)("Courts within the Ninth Circuit have also concluded that a claimant's low tolerance of stress is encompassed in a limitation "to simple, repetitive tasks" and work "that does not require meeting fast-paced quotas.").  Further, courts within this district have found that a serious or marked impairment in the ability to deal with the usual stress encountered in a competitive workplace is adequately addressed by a limitation to "simple repetitive tasks." *See Messerli*, 2017 WL 3782986, at *11(finding limitation to "simple repetitive tasks" accounted for moderate to serious limitations in claimant's ability to deal with the usual stress encountered in a competitive workplace); *Keller*, 2014 WL 130493, at *3 (ALJ accounted for physician's opinion that claimant had "poor capacity to tolerate stress" with limitations to simple, repetitive tasks, i.e., unskilled work, with reduced interpersonal contact); *see also. Moxham v. Comm'r of Soc. Sec.,* 2018 WL 1175210, at *10 (N.D.N.Y. Mar. 5, 2018)(limitation to "simple tasks and instructions, decisions on simple work-related matters, and frequent interaction with others" adequately accounted to the plaintiff's stress-related limitations*)*; *Cosme v. Colvin*, 2016 WL

4154280, at *13 (W.D.N.Y. Aug. 5, 2016)(the RFC, which "explicitly required positions involving unskilled work that did not require any contact with coworkers or the public and only limited contact with supervisors" adequately accounted for any limitations dealing with stress).

These are the precise considerations the ALJ incorporated in Plaintiff's RFC. Although the ALJ did not specifically include language referring to stress limitations and panic attacks in the RFC, she included language to entirely exclude Plaintiff's contact with the public and limiting his contact with coworkers due to stress and panic attacks. Pursuant to the Commissioner's policy guidance, when determining whether mentally impaired individuals will be able to adapt to the stress-related demands of the workplace, the ALJ is required to make a thorough, individualized RFC evaluation, focusing on the individual's ability "to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." Social Security Ruling (SSR) 85–15, 1985 WL 56857, at *4, 5 (S.S.A. 1985). In making the RFC determination, the ALJ was equally persuaded by Dr. Portnoff and other consultative examiners, including State Agency psychologist, Dr. Schumaker, Ph.D., who similarly noted Plaintiff's "moderate limitations" in his ability to interact appropriately with the public, or accept instructions and respond appropriately to criticism from supervisors, or have a good relationship with coworkers or peers. (*See* AR 30; *see also* AR 87-88). The ALJ relied on findings of Plaintiff's "mostly normal mental status examinations," but notable "moderate limitations" set forth in the findings of the consultative medical sources when considering Plaintiff's stress-related functional limitations, as well as the comprehensive consideration of the hearing testimony, objective medical evidence, and treating and consultative medical source opinions, to reach her determination that represents a thorough and individualized mental RFC evaluation.

## VIII.  CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, the ALJ properly considered all of Plaintiff's limitations in the RFC. After review, the

Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 25) be DENIED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 26) be GRANTED.
3. The district court AFFIRM the decision of the Commissioner of Social Security for the reasons set forth above.
4. The district court direct the Clerk to enter judgment in favor of the Commissioner of Social Security, terminate any pending motions/deadlines, and close this case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  January 23, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE